ROBERT R. HENSSLER, JR.
California State Bar No. 216165
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467 Ext. 3737
Facsimile:  (619) 687-2666
Robert_Henssler@fd.org

Attorneys for Mr. Apodaca-Sanchez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE DANA M. SABRAW)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 08CR1278-DMS |
| Plaintiff, | |
| v. | RESPONSE AND OPPOSITION TO MATERIAL WITNESS MOTION FOR VIDEOTAPED DEPOSITION |
| HERIBERTO APODACA-SANCHEZ, | |
| Defendant. | |

**I.**

**STATEMENT OF FACTS**

The following statement of facts and facts further cited in this motion are based primarily on the complaint and probable cause statement filed in this case. Defendant in no way admits the truth of these facts nor their accuracy as cited in these motions. Further, Defendant reserves the right to challenge the truth and accuracy of these facts in any subsequent pleadings or during any further proceedings.

The government asserts that on April 11, 2008, Mr. Navarro was transporting undocumented persons within the United States. Border Patrol agents detained Mr. Navarro and other individuals. The government has indicted Mr. Navarro charging violations of 8 U.S.C. §§ 1324.

//
//
//

## II.

## THE MOTION FOR A MATERIAL WITNESS DEPOSITION SHOULD BE DENIED BECAUSE THERE IS NO SHOWING OF UNAVAILABILITY OF THE WITNESSES AND MOTION IS MADE PREMATURELY

Title 18, United States Code § 3144 governs the detention of individuals who may give testimony material to a criminal proceeding. This section provides that where the witness is not able to meet the conditions of the bond set by the court and is detained, the court may order the deposition of the witness where (1) deposition may secure the testimony of the witness and (2) further detention is not necessary to prevent a failure of justice. 18 U.S.C. § 3144. In this case, the material witness has moved for a videotape deposition pursuant to 18 U.S.C. § 3144. Nonetheless, while deposition may secure his testimony, this Court should order her continued detention in order to protect the rights of Mr. Navarro or in the alternative, modify the conditions of release so that the material witnesses can remain in the United States until this case is resolved. The failure of this Court to so order will result in a failure of justice.

First, depositions in criminal cases are generally disfavored for several reasons, including the threat to the defendant's Sixth Amendment confrontation rights. United States v. Drougal, 1 F.3d 1546, 1551-52 (11th Cir. 1993). Criminal depositions are authorized only when doing so is "necessary to achieve justice and may be done consistent with the defendant's constitutional rights." Id. at 1551; Fed. R. Crim. P. 15(a). The burden is on the moving party to establish exceptional circumstances justifying the taking of depositions. Id. at 1552 (citing United States v. Fuentes-Galindo, 929 F.2d 1507, 1510 (10th cir. 1991)). The trial court's discretion is generally guided by consideration of certain "critical factors," such as whether "(1) the witness is unavailable to testify at trial; (2) injustice will result because testimony material to the movant's case will be absent; and (3) countervailing factors render taking the deposition unjust to the nonmoving party. Id. at 1552. Here, because the material witness has not shown exceptional circumstances exist, the motion for videotape deposition should be denied.

When considering the issue, this Court must balance the interests of the Government and the accused, as well as the interests of the material witness. Although the material witnesses may have a liberty interest at stake, that interest is outweighed by Mr. Navarro's constitutional rights of confrontation and to due process of law.

//

The Confrontation Clause serves several purposes: "(1) ensuring that witnesses will testify under oath; (2) forcing witnesses to undergo cross-examination; and (3) permitting the jury to observe the demeanor of witnesses." United States v. Sines, 761 F.2d 1434, 1441 (9th Cir. 1985). It allows the accused to test the recollection and the conscience of a witness through cross-examination and allows the jury to observe the process of cross-examination and make an assessment of the witness' credibility. Maryland v. Craig, 497 U.S. 836, 851 (1989); Ohio v. Roberts, 448 U.S. 56, 63-64 (1979). In a case such as the one at bar, where the material witness has received the benefit of the Government refraining from pressing criminal charges in return for his testimony against the accused[1], it is important that the jury see the reaction and demeanor of the material witness when confronted with questions that will bring out such facts in order for the jury to decide whether to believe his statements and/or how much credit to give to his testimony. The jury's ability to make such an assessment would be compromised by a videotaped deposition because the tape may not preserve subtle reactions of the witness under cross-examination that may favor the accused.

Moreover, the decision to grant video depositions is governed by Federal Rule of Criminal Procedure 15(a) which states that a material witness's deposition may be taken only upon a showing of "exceptional circumstances." United States v. Omene, 143 F.3d 1167, 1170 (9th Cir. 1998). The material witness here, not citing any authority, argues that he is not required to show exceptional circumstances because he is not a party. However, as the court noted in, Torres-Ruiz v. United States District Court, 120 F.3d 933, 936 (9th Cir. 1997), a material witness must show "tremendous hardship." Here, neither the material witness nor her counsel's supporting declaration can establish such tremendous hardship. Instead, they simply demonstrate the regrettable, but ordinary, difficulties one might expect by being incarcerated. Obviously the material witnesses in this case, no less than Mr. Navarro, would want to be free to provide his family with economic support, but absent more tremendous facts, hardship alone is not sufficient to establish extraordinary circumstances warranting deposition testimony.

---

[1] This Court should be mindful of the fact that the only reason the Government has not charged the material witness with a crime is that the Government seeks to introduce his testimony against the accused. The material witnesses could have been charged with illegal entry under 8 U.S.C. § 1325, which carries a maximum sentence of six (6) months imprisonment. Needless to say, the Government would not concern itself with the material witness' liberty interest had they, in fact, charged him with this offense.

1    Furthermore, this Court should consider the unique circumstances faced by the Ninth Circuit in
2 Torres-Ruiz. Unlike this case, the material witnesses' motion for videotape deposition was unopposed by the
3 defendant. Torres-Ruiz, 120 F.3d at 934-35. Perhaps more importantly, in Torres-Ruiz, the defendant entered
4 a guilty plea less than two weeks after the motion for deposition was made, indicating that the case was
5 already near disposition when the motion was made. Id. at 936-37. The instant case, however, stands in a
6 much different procedural posture.

7    No substantive motions--much less even a discovery motion--has been filed in this case. Defense
8 counsel has hardly begun any necessary investigation. In short, it is very early in the case. To require Mr.
9 Navarro to cross-examine the material witness at the current juncture of the proceedings would severely
10 prejudice his future trial rights. Mr. Navarro has been unable to discuss, much less formulate, a theory of the
11 defense at this point. Without more information and investigation, any cross examination of the material
12 witness at this point would be at best meaningless, and at worst ineffective and potentially harmful to Mr.
13 Navarro and his defense.

14    Finally, if the Court determines that the issue must be addressed at this point in time, the Court can
15 easily resolve the issue by modifying the conditions of release for the material witness so that his continued
16 detention would be unnecessary. Conditions of release for material witnesses is governed by 18 U.S.C. §
17 3142. Under this section, "[t]he judicial officer **shall** order the pretrial release of the person on personal
18 recognizance, or upon execution of an unsecured personal appearance bond . . . unless the judicial officer
19 determines that such release will not reasonably assure the appearance of the person as required." 18 U.S.C.
20 § 3142(b). Clearly, § 3142(b) suggests that this Court can order that the material witness be released on his
21 own recognizance. The material witness has no incentive not to come back to court to testify. He is not being
22 charged with a crime. The material witness has no incentive to flee the country. Indeed, if the statement of
23 facts in support of the complaint in this case is to be believed, this material witness was prepared to pay
24 money to be smuggled illegally into the United States. Therefore, he obviously wants to remain in this
25 country, fully within the subpoena power of the Court.

26    Moreover, the Bail Reform Act states that "[t]he judicial officer may not impose a financial condition
27 that results in the pretrial detention of the person." 18 U.S.C. § 3142(c)(2). This mandate, combined with
28 the preference for release upon one's own recognizance, strongly suggests that the proper remedy for the

1  material witness in this case is a motion to modify the terms of his release, not for the draconian remedy of
2  immediately ordering a videotape deposition and deporting him to the Republic of Mexico, especially not at
3  this very early stage of the proceedings.

### III.

### CONCLUSION

For the reasons stated above, Mr. Navarro respectfully requests that this Court deny the material witness' motion for videotape deposition.

Respectfully submitted,

Dated: May 5, 2008

*/s/ Robert R. Henssler*
**ROBERT R. HENSSLER, JR.**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Navarro

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

**U S Attorney CR**
U S Attorneys Office Southern District of California
880 Front Street
Room 6293
San Diego, CA 92101
(619)557-5610
Fax: (619)557-5917
Email: Efile.dkt.gc2@usdoj.gov

**Roseline Dergregorian Feral**
Law Offices of Roseline D Feral
444 West C Street
Suite 310
San Diego, CA 92101
(619)232-1010
Fax: (619)231-2505
Email: RFERAL@aol.com

A courtesy copy will be sent via electronic email to:

Dated: May 5, 2008             /s/ Robert R. Henssler, Jr.
                               **ROBERT R. HENSSLER, JR.**
                               Federal Defenders of San Diego, Inc.
                               Attorneys for Mr. Apodaca-Sanchez