NED LYNCH--CA ST. BAR NO. 149680
Attorney At Law
110 West C Street, Suite 1407
San Diego, CA 92101
Telephone: 619-525-0081

Attorney for the Material Witness

## United States District Court

## Southern District of California

(Hon. Peter C. Lewis)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 08CR1278DMS(PCL) |
| Plaintiff, ) | **Material Witness' Reply Memorandum Of Points And Authorities In Support Of His Motion For A Videotaped Deposition And Release From Custody** |
| v. ) | |
| WILLIAM NAVARRO, and ENRIQUE GOMEZ, ) | Date:  May 13, 2008 |
| Defendants. ) | Time:  1:30 p.m. Judge: Peter C. Lewis Room: El Centro |

Material witness Jorge Arrellano-Casillas [the "Material Witness"], by and through his counsel, attorney Ned Lynch, submits this reply memorandum of points and authorities in support of his motion to take his videotaped deposition and thereafter be released from custody.

Defendant William Navarro ("Navarro") has objected to the videotaped deposition of the Material Witness on several grounds, all of which must be rejected by the court.

**Defendant Navarro Is Reading Rule 15 Incorrectly**

First, Navarro argues the Material Witness must show exceptional circumstances exist to grant the Material Witness' motion for the videotaped deposition under Rule 15. That's not true. The fallacy of this position was pointed out in the points and authorities submitted in support of this motion. The Material Witness will explain the proper interpretation of this rule again.

1    Under Rule 15 only <u>a party</u> must establish exceptional circumstances exist <u>if the party</u> wants to take the deposition of a witness.  A person designated as <u>a material witness is not a party</u> to the case. This motion is brought by the material witness only, not any of the parties (i.e., the prosecution or defendants).

Rule 15(a) is broken into to subparts.  Subpart (a)(1) applies to parties filing a motion for deposition, and subpart (a)(2) applies to a material witness filing a motion for his or her deposition. Under Rule 15(a)(2) a witness may bring a motion to take his or her deposition <u>without any showing of exceptional circumstances or hardship</u>.  A simple comparison of subpart (a)(1) to (a)(2) shows two different standards exist.  Federal Rules of Criminal Procedure, Rule 15[1].

## Defendant Is Misinterpreting Torres-Ruiz

Navarro argues under <u>Torres-Ruiz</u>[2] the Material Witness must prove he is enduring "tremendous hardship" for the court to order the deposition.  But <u>Torres-Ruiz</u> does not actually require a witness prove "tremendous" or "extreme" hardship.  <u>Torres-Ruiz</u> rationalized proof of hardship justifies a finding of extreme circumstances, but hardship is not required by Rule 15.  Rule 15 does not contain the word "hardship".  Even if showing hardship helps determine that exceptional circumstances exist, a witness bringing a motion under subpart (a)(2) is not a party to the case, and thus is not required to demonstrate hardship.

---

[1]    Rule 15. Depositions

(a) When Taken.

(1) In General.

A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice.  If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including any book, paper, document, record, recording, or data.

(2) Detained Material Witness.

A witness who is detained under 18 U.S.C. § 3144 may request to be deposed by filing a written motion and giving notice to the parties. The court may then order that the deposition be taken and may discharge the witness after the witness has signed under oath the deposition transcript.

[2]  <u>Torres-Ruiz v. United States District Court (S. Dist. of Cal.)</u>, 120 F.3d 933 (9th Cir. 1997).

1       Rule 15 differentiates between parties requesting a deposition and a witness requesting his or her own deposition. The difference makes sense. If a person detained as a material witness cannot bond out of custody, he should be allowed to utilize the deposition procedures to procure an immediate release from custody. Conversely, no party should be allowed to force a witness to be deposed involuntarily unless exceptional circumstances exist. In this regard depositions are not intended to be used for discovery purposes like in civil cases. A witness has a more compelling interest in his or her liberty and the standards should be different. It should be and is easier for a witness to be deposed voluntarily, rather than be forced into it by another unless exceptional circumstances exist.

      Under Rule 15(a)(2) a material witness is not required to establish any showing of hardship or exceptional circumstances to be deposed. The Material Witness has simply proffered humanitarian factors in support of his motion for the court and parties to consider. These factors are not specifically used to establish hardship or exceptional circumstances. They are offered to inform the court and parties an uncharged person (and perhaps his family) endures hardships during an indefinite and prolonged incarceration, and that the deposition should be set at the earliest possible date.

      Therefore, the court must grant the motion for the Material Witness to be deposed even if no exceptional circumstances exist.

### Defendant's Speculative Points Can Be Disregarded

      Defendant Navarro speculates--and that's all it is, speculation--that the deposition process would violate Navarro's due process rights. Navarro contends a jury *may not* perceive subtle reactions of the witness' testimony preserved on videotape, but Navarro offers no specific facts to support that supposition. This contention can be disregarded as baseless speculation. Videotaped depositions are permitted by court rules and used routinely in this district. That essentially negates the argument that subtle and overt characteristics of the witness' demeanor are not visible by the videotape viewer(s). Even if "subtle" mannerisms are not detected, that doesn't mean a jury cannot determine the demeanor and validity of the testimony of the witness.

1    Navarro also speculates the Material Witness will provide biased testimony simply because
2 he is not charged with any crime, such as illegal entry into the U.S.  In fact, the Material Witness has
3 no explicit or implicit agreement with the government regarding any uncharged crimes, nor has the
4 Material Witness been granted immunity in any form relating to this case.  Navarro's belief is
5 without merit given there are no specific facts to show the witness will provide anything but truthful
6 and unbiased testimony.  In fact, the witness may even provide favorable testimony to the defendant.
7 **The Material Witness Should Not Be Punished For A Lack Of Due Diligence By The Parties**
8    Defendant Navarro contends he has barely begun his investigation for this case, and that
9 some discovery motions *may* be brought at a later date.  We are nearly 5 weeks into this case.
10 Defendant's statement suggests a lack of due diligence on the part of the parties to push this case
11 forward.  Navarro and the Material Witness were arrested on April 11, 2008.  If the court grants the
12 motion for this deposition, the deposition will probably be set two or more weeks after the motion
13 hearing, which will be 7 or 8 weeks after the time of arrest.  This is not a complex alien-smuggling
14 case.  If the parties are not adequately prepared to go forward with a deposition that is not the fault
15 of the Material Witness.  Yet, it's the Material Witness that will suffer if he is detained longer than
16 absolutely necessary.
17    Setting the deposition and forcing the parties to prepare their respective cases sooner than
18 later expedites the administration of criminal justice, rather than delays it.
19    If the court finds there are legitimate discovery issues or disputes that may have some affect
20 on this deposition, the court can: 1) set the deposition about two weeks out, 2) instruct the parties
21 to diligently resolve their discovery problems, and 3) then place the burden on the parties to set a
22 status conference before the deposition occurs to resolve any such discovery disputes.  If the
23 unresolved discovery issues will significantly impact the outcome of deponent's testimony, the court
24 can postpone the deposition briefly at that time.  Otherwise, setting the deposition date now keeps
25 the pressure on the parties to push this case forward.  Not setting the deposition encourages the
26 parties to delay making progress, which deprives the Material Witness of his liberty and delays the
27 administration of justice.
28

**The Court Cannot Modify The Bond Conditions To Avoid Ordering The Deposition**

Defendant Navarro asserts the court should modify the bond conditions to permit the Material Witness to be released on his own recognizance, which would obviate the need for the deposition. This won't work. A material witness is released from custody through a two-step process. The Material Witness must first satisfy whatever release conditions are imposed by the district court. Then the Material Witness must overcome the release hurdles imposed by the Department of Homeland Security.

In this district the U.S. Border Patrol will not release a material witness from custody unless a significant court bond (monetary pledge or secured collateral) has been posted with the district court.[3] Even if the court agrees to an O.R. release, the U.S. Border Patrol will not release the Material Witness without a suitable bond being posted at the court. The Border Patrol has no legal authority or mechanism to set and process appearance bonds, so it relies completely on the district court bond as assurance the Material Witness will not abscond. Lowering the court bond requirements in this case will not result in the release of the Material Witness.

**Conclusion**

The Material Witness requests the court grant his motion set his videotaped deposition so he can be released from custody immediately thereafter.

Dated: May 9, 2008          S/Ned Lynch
                            Ned Lynch, Attorney for the Material Witness
                            E-mail: nedlynch@aol.com

---

[3] In very exceptional cases the U.S. Border Patrol will deviate from this policy, such as where the witness has serious health, age, or family conditions that cannot be adequately addressed if the person remains in custody. Also, D.H.S. rules and immigration laws prohibit the release of detainees that have significant criminal histories. So even if the district court agrees to modify the bond conditions to an O.R. release, the second prong of the release procedures cannot be overcome. Thus, an O.R. release is rarely a viable alternative to ordering the deposition.