PROB 12C
(04/08)

August 11, 2008

FILED
AUG 25 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [illegible] DEPUTY

**UNITED STATES DISTRICT COURT**
**FOR THE**
**SOUTHERN DISTRICT OF CALIFORNIA**

**Petition for Warrant or Summons for Offender Under Supervision**

**Name of Offender:** William NAVARRO (English)
Charged As: (same)

**Dkt No.:** 08-CR-1278-001-DMS

**Reg. No.:** 06208-298

**Name of Sentencing Judicial Officer:** The Honorable Dana M. Sabraw, U.S. District Judge

**Date of Sentence:** June 9, 2008

**Original Offense:** 18 U.S.C. § 1001, False Statement to a Federal Officer, a Class D felony.

**Sentence:** Time served (60 days), 2 years supervised release. (*Special Conditions: See Attached Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** June 9, 2008

**Asst. U.S. Atty.:** Carlos Arguello

**Defense Counsel:** Robert R. Henssler, Jr., Fed. Defs., Inc.
(Appointed)
(619) 234-8467

**Prior Violation History:** None.

---

**PETITIONING THE COURT**

**TO ISSUE A NO-BAIL BENCH WARRANT**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
| --- | --- |
| **(Standard Condition)** Answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. *(nv8)* | 1. Mr. Navarro failed to report to the U.S. Probation Office in El Centro, California on June 19 and July 31, 2008, as directed by the probation officer. |

***Grounds for Revocation:*** On June 12, 2008, following his release from custody, Mr. Navarro reported to the U.S. Probation Office in El Centro, California. He completed an informational form for the probation officer, in which he indicated he resided in Mexicali, Mexico. Mr. Navarro was then given a travel permit to Mexicali and directed to return to the office on June 19, 2008, at 10:00 a.m. Despite having signed a written acknowledgment of his appointment, Mr. Navarro failed to appear for his scheduled appointment.

On July 1, 2008, a letter was mailed to Mr. Navarro's last known address (Valle de Las Misiones #1075, Valle del Descanso, Mexicali, Baja California, Mexico), scheduling him for an appointment on July 31, 2008, at 9:00 a.m. Again, Mr. Navarro failed to appear for his scheduled appointment.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Navarro was not subject to supervision, given his failure to report to the probation officer.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Because a pre-sentence report was not prepared in this matter, not much is known regarding Mr. Navarro's personal history. According to U.S. Pretrial Services records, Mr. Navorrao reported he was residing with his mother and brother in Mexicali. He further indicated he was single, with no children.

A criminal record check conducted on July 2, 2008, revealed Mr. Navarro did not have any prior criminal convictions.

### SENTENCING OPTIONS
### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 year(s). 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegation (failure to report to the probation officer) constitutes a Grade C violation. USSG § 7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

**REIMPOSITION OF SUPERVISED RELEASE**

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 3 year(s) supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

**RECOMMENDATION/JUSTIFICATION**

Apparently, a sentence of time served was not sufficient to motivate Mr. Navarro to abide by the conditions of his supervised release. Mr. Navarro was fully aware of his responsibility to report to the probation officer, but chose to ignore it.

As such, it is respectfully recommended Mr. Navarro be sentenced to three months in custody, to be followed by 2 years of supervised release, under the conditions originally imposed. Said custody should deter any further noncompliance and encourage Mr. Navarro to comply with the orders of the Court.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: August 11, 2008**

Respectfully submitted:
KENNETH O. YOUNG
CHIEF PROBATION OFFICER

by
Lorena Gonzalez
U.S. Probation Officer
(760) 352-0905

Reviewed and approved:

Pascual Linarez
Supervising U.S. Probation Officer

## VIOLATION WORKSHEET

1. **Defendant:** NAVARRO, William

2. **Docket No.** (Year-Sequence-Defendant No.): 08-CR-1278-001-DMS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Failure to Report to the Probation Officer | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b)) [ C ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a)) [ I ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a)) [ 3 - 9 months]

7. **Unsatisfied Conditions of Original Sentence**: None.

**THE COURT ORDERS:**

✓ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_______ Other ____________________

[signature] 8.22.08

The Honorable Dana M. Sabraw
U.S. District Judge

Date

DM